5590-9
KEF/tlp

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RODNEY D. PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 16-cv-02357 |
| ) | |
| DANIEL WALSH, SHERIFF OF CHAMPAIGN ) | |
| COUNTY, and BRADLEY J. MORRIS, DEPUTY ) | |
| SHERIFF OF CHAMPAIGN COUNTY, sued in ) | |
| their official and individual capacities, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT DANIEL WALSH'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

NOW COMES the Defendant, DANIEL WALSH, SHERIFF OF CHAMPAIGN COUNTY, and hereby moves to dismiss any and all individual capacity claims alleged against him in Counts 2 and 4 of Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and in support of said motion, states as follows:

1. On November 23, 2016, Plaintiff filed his original Complaint (d/e # 1).

2. In general, the Plaintiff's Complaint's caption asserts claims against the Defendant in his "official and individual capacities."

3. Only Counts 2 and 4 are directed at this Defendant, Sheriff Daniel Walsh.

4. At best, Count 2 of Plaintiff's Complaint asserts only the most thinly supported *Monell* claim against Sheriff Walsh in his Official Capacity for a failure to properly train and supervise. Count 2 alleges no individual or personal action(s) by this Defendant towards Plaintiff at all.  No interaction between this Defendant and Plaintiff is alleged whatsoever. Plaintiff states

no basis for any alleged constitutional rights violation by this Defendant against this Plaintiff. Plaintiff fails to state a viable cause of action against this Defendant in his individual capacity. Therefore, Plaintiff's cause of action for an individual capacity liability claim in Count 2 must be dismissed.

5. Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to "give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)(*quoting* FED. R. CIV. P. 8). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Factual allegations must be enough to raise a right to relief above the speculation level." *Twombly*, 550 U.S. at 555. "[L]abels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

6. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." A complaint that pleads facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

7. In determining whether the Plaintiff's Complaint survives a motion to dismiss, the Court must employ a two-step process. First, a court must identify the "allegations in the

complaint that are not entitled to the assumption of truth." *Iqbal,* 129 S. Ct. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Conclusory allegations are "not entitled to be assumed true" and cannot be considered for purposes of determining whether the complaint states a claim for relief. *Id.* at 1951.

8. Once the court determines those allegations which can be considered, it must then determine whether such allegations "state[] a plausible claim for relief..." *Id.* at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]-'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

9. Consistent with *Twombly* and *Iqbal,* the Seventh Circuit has recognized that "[r]ecent decisions of the Supreme Court emphasize the importance of prompt dismissal of unmeritorious cases even if they are not frivolous." *Milam v. Dominick's Finer Foods, Inc.*, 588 F.3d 955, 959 (7th Cir. 2009)(*citing Ashcroft,* 129 S. Ct. at 1952; *Twombly,* 127 S. Ct. 1955). Accordingly, "[i]n the interest of justice and economy, every effort should be made by the district court from the start of a case to determine its likely merit and guide it to a swift conclusion as is consistent with doing justice to the parties." *Milam,* 588 F.3d at 958-59.

10. Again, Count 2 of Plaintiff's Complaint lacks any allegations of individual personal wrongdoing by this Defendant; and, therefore, Plaintiff states no individual claim.

11. Count 4 merely asserts a vicarious liability claim against this Defendant for the alleged acts of the Co-Defendant. A vicarious liability claim - by definition – focuses on an employer's derivative liability. There is no potential for any individual liability of this Defendant

3

as the Champaign County Sheriff's Office under the theory asserted as the basis for the vicarious liability alleged is the alleged conduct of the co-Defendant.  Therefore, Plaintiff's cause of action for an individual capacity liability claim against this Defendant in Count 4 must be dismissed.

WHEREFORE, the Defendant, DANIEL WALSH, SHERIFF OF CHAMPAIGN COUNTY, prays that the individual capacity claims asserted by Plaintiff in Counts 2 and 4 be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), together with such other relief as this Court deems appropriate and just.

Respectfully submitted,

DANIEL WALSH, SHERIFF OF CHAMPAIGN
COUNTY, Defendant

BY: s/Keith E. Fruehling
Keith E. Fruehling
HEYL, ROYSTER, VOELKER & ALLEN
ARDC #: 6216098
301 North Neil Street, Suite 505
P. O. Box 1190
Champaign, IL  61824-1190
Telephone: 217.344.0060
Facsimile: 217.344.9295
E-Mail: kfruehling@heylroyster.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2017, I electronically filed the foregoing DEFENDANT DANIEL WALSH'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND MEMORANDUM OF LAW IN SUPPORT THEREOF with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Aldred D. Ivy, III
Attorney at Law
159 Lincoln Square
300 S. Broadway Ave.
Urbana, IL 61801

I also hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant: None

                                                    s/ Keith E. Fruehling
                                                    Heyl, Royster, Voelker & Allen

31858599_1