5590-9
KEF/tlp

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RODNEY D. PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.: 16-cv-02357 |
| | ) |
| DANIEL WALSH, SHERIFF OF CHAMPAIGN COUNTY, and BRADLEY J. MORRIS, DEPUTY SHERIFF OF CHAMPAIGN COUNTY, sued in their official and individual capacities, | ) ) ) ) |
| | ) |
| Defendants. | ) |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, DANIEL WALSH, SHERIFF OF CHAMPAIGN COUNTY, sued in his individual and official capacities, and for his Answer to the Complaint of the Plaintiff, RODNEY D. PRICE, and its official capacity claims against DANIEL WALSH, states as follows:

### JURISDICTION AND VENUE

1. This is a civil action brought pursuant to 42 U.S.C., Section 1983, the Fourth Amendment and the Eighth Amendment of the United States Constitution to redress deprivation of Plaintiff's rights to be free from all forms of excessive punishment and abuse.

**ANSWER:** **Defendant allows the Complaint to speak for itself.**

2. Plaintiff at all times relevant to this cause of action was a citizen of the United States of America, resident of Champaign County, Illinois.

**ANSWER:** **Defendant has insufficient information with which to admit or deny and therefore denies the same.**

3. Defendant Daniel Walsh is the duly elected sheriff of the Champaign County Sheriff's Department. He is legally responsible for the operation of the Champaign County Jail, hiring, training and administration of all Sheriff Department personnel, and for the insuring the health, safety and welfare of all persons held in custody there.

**ANSWER: Defendant admits that he is the Sheriff of Champaign County and he is the head Administrator of the Champaign County Correctional Center. Defendant denies the remaining allegations as pleaded and objects to the same to the extent that said allegation constitutes a legal conclusion.**

4. Defendant Bradley J. Morris is a Sheriff's deputy employed by the Champaign County Sheriff's Department and was assigned to duty at the Champaign County Jail during all dates/times relevant to this cause of action.

**ANSWER: Defendant admits the allegation that Defendant Morris is and was employed by the Champaign County Sheriff's Office and that he was assigned to work at the Champaign County Correctional Center as of March 15, 2016. Defendant denies the remaining allegations as pleaded.**

5. All events giving rise to this cause of action occurred in Urbana, Champaign County, Illinois.

**ANSWER: Defendant allows the allegations of the Complaint to speak for itself and admits that all events are alleged to have occurred in Urbana, Champaign County, IL.**

6. The amount in controversy is in excess of $75,000.00.

**ANSWER: Denied.**

## FACTUAL BASIS

7. On or about March 15, 2016 at approximately 8:45p.m, Plaintiff Price was in the physical and legal custody of the Champaign County Sheriff's Department and was housed in the Champaign County Jail.

**ANSWER:** **Admit as alleged.**

8. Plaintiff Price was housed in the booking area of the county jail due to his serious health conditions, prescribed medication schedule, and need for regular medical monitoring.

**ANSWER:** **Defendant admits that Plaintiff was housed in the booking area on March 15, 2016. Defendant denies the remaining allegations as alleged.**

9. On the above date and time, as Plaintiff Price was entering cell H-7 in the booking area of the Champaign County Jail, without warning, cause or provocation, Plaintiff was forcefully struck from behind by Sheriff Deputy Bradly J. Morris.

**ANSWER:** **Denied as alleged.**

10. Defendant Morris, while wearing steel-toed military-style boots, kicked Plaintiff in the back and legs several times.

**ANSWER:** **Denied as alleged.**

11. Subsequent to kicking Plaintiff, Defendant Morris then slammed the steel door to cell H-7 onto Plaintiff's back several more times.

**ANSWER:** **Denied as alleged.**

12. As a direct result of Defendant Morris' actions, Plaintiff sustained numerous bruises to his person and was left in severe pain.

**ANSWER: Denied. In further answering and pleading, the Defendant demands strict proof of said alleged injuries.**

13. Upon information and belief the actions alleged herein were captured on surveillance video and are maintained in the exclusive possession of Defendant Champaign County Sheriff Department.

**ANSWER: Defendant admits that there is a video recording of the interaction between Plaintiff and Defendant Morris. Defendant denies the remaining allegations as alleged.**

14. Plaintiff Price filed a formal grievance against Defendant Morris and the official copy of Plaintiff's complaint is maintained in the exclusive possession of Defendant Champaign County Sheriff Department.

**ANSWER: Defendant admits Plaintiff filed a grievance and that the Sheriff's Office maintains the original or a copy of the same.**

15. Plaintiff was also interviewed by officers from Defendant Champaign County Sheriff Department regarding the actions of Defendant Morris.

**ANSWER: Admit.**

16. Upon information and belief Plaintiff's interview was video recorded with the only copies of said interview remaining in the exclusive possession of Defendant Champaign County Sheriff Department.

**ANSWER: Denied as alleged.**

17. Upon information and belief, Defendant Daniel Walsh was aware of previous incidents of abuse perpetrated.by Defendant Bradley Morris and failed to take steps to train and

prevent future acts of abuse by Defendant Morris, or to protect persons similarly situated as Plaintiff.

**ANSWER:** **Denied**

### Count 1 - VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. SECTION 1983 (BRADLEY J. MORRIS)

18. Plaintiff realleges and incorporates by reference paragraphs 1-17 as though they were fully restated herein.

**ANSWER:** **Defendant hereby incorporates his answers above to Paragraphs 1-17 of the Plaintiff's Complaint as and for his answer to the allegations of this paragraph.**

19. In committing the acts complained of herein, Defendant Morris acted under color of state law in that Defendant Morris was a duly appointed Champaign County sheriff's deputy, and employed as a sergeant in the Champaign County Jail at the time, date and place where the incidents Plaintiff complained of occurred.

**ANSWER:** **Denied as alleged.**

20. Defendant Morris' actions of kicking and striking Plaintiff Price deprived Plaintiff of his constitutionally protected rights under the Fourth and Eighth Amendments to not be subjected to use of excessive force.

**ANSWER:** **Denied.**

21. Defendant Morris' acts were the direct and proximate cause of Plaintiff's bruises, pain and injuries to Plaintiff's person.

**ANSWER:** **Denied.**

22. The conduct of Defendant Morris was willful, malicious, oppressive and reckless, and was of such an egregious nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

**ANSWER:** **Denied.**

### Count 2 - VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. SECTION 1983 (DANIEL WALSH)

22. Plaintiff realleges and incorporates by reference paragraphs 1-17 as though they were fully restated herein.

**ANSWER:** **Defendant hereby incorporates his answers above to Paragraphs 1-17 of the Plaintiff's Complaint as and for his answer to the allegations of this paragraph.**

23. Defendant Daniel Walsh, in his capacity as Sheriff of Champaign County, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, allowing employees of the Champaign County Sheriff's Department to use excessive force without legal justification.

**ANSWER:** **Denied as alleged.**

24. The failure of Defendant Daniel Walsh, in his capacity as Sheriff of Champaign County, to adequately train and supervise Defendant Morris amounts to deliberate indifference to the right of Plaintiff Price to be free from excessive force under the Fourth and Eighth to the Constitution of the United States.

**ANSWER:** **Denied as alleged.**

25. As a result of this deliberate indifference to Plaintiff Price's constitutional rights, Plaintiff suffered personal injuries and is therefore entitled to relief under 42 U.S.C., Section 1983.

**ANSWER: Denied.**

26. In committing the acts complained of herein, Defendant Daniel Walsh acted under the color of state law to deprive Plaintiff Price as alleged herein of certain constitutionally protected rights to be free from the excessive use of force by persons acting under color of state law and the right to just compensation for any injuries resulting therefore.

**ANSWER: Denied.**

### Count 3 - STATE LAW CLAIM FOR BATTERY (BRADLEY MORRIS)

27. Plaintiff realleges and incorporates by reference paragraphs 1-17 as though they were fully restated herein.

**ANSWER: Defendant hereby incorporates his answers above to Paragraphs 1-17 of the Plaintiff's Complaint as and for his answer to the allegations of this paragraph.**

28. Defendant Bradley Morris knowingly and without legal justification caused bodily harm to Plaintiff when he kicked and slammed a steel onto Plaintiff, thereby constituting battery under Illinois law.

**ANSWER: Denied as alleged.**

### Count 4 - STATE LAW CLAIM FOR RESPONDEAT SUPERIOR AGAINST DEFENDANT SHERIFF DANIEL WALSH

29. Plaintiff realleges and incorporates by reference paragraphs 1-17 as though they were fully restated herein.

**ANSWER: Defendant hereby incorporates his answers above to Paragraphs 1-17 of the Plaintiff's Complaint as and for his answer to the allegations of this paragraph.**

30. Defendant Bradley Morris was at all times material to this complaint an employee and agent of Defendant Sheriff Daniel Walsh, and acting within the scope of his employment. Defendant Sheriff Daniel Walsh is liable for the acts of Defendant Bradley Morris which violated state law under the doctrine of respondeat superior.

**ANSWER:** **Denied as alleged.**

**DEFENDANT DEMAND A TRIAL BY JURY ON ANY AND ALL COUNTS DIRECTED AT HIM.**

## AFFIRMATIVE DEFENSES

NOW COME the Defendant, DANIEL WALSH, SHERIFF OF CHAMPAIGN COUNTY, by his attorneys, HEYL, ROYSTER, VOELKER & ALLEN, and pursuant to Federal Rule of Civil Procedure 8(b) and (c), this Defendant sets forth his Affirmative Defenses as follows:

1. To the extent Plaintiff has failed to exhaust his administrative remedies, this Defendant is entitled to judgment as a matter of law.

2. Plaintiff's claim is barred by qualified immunity.

3. To the extent that Plaintiff seeks to hold any of the above-named Defendants liable for acts or omissions of anyone other than themselves under federal law, said claims are barred by law and Section 1983 does not allow claims based on vicarious liability or *respondeat superior* theories.

4. To the extent that Plaintiff seeks punitive damages against any Defendant in his official capacity in connection with any federal law based theory in his Complaint, said Defendant is entitled to judgment as a matter of law in that federal law does not allow punitive damages in that context.

**DEFENDANT DEMANDS A TRIAL BY JURY ON ALL AFFIRMATIVE DEFENSES**

DANIEL WALSH, SHERIFF OF CHAMPAIGN COUNTY, sued in his official and individual capacities, Defendants

BY: s/Keith E. Fruehling
Keith E. Fruehling
HEYL, ROYSTER, VOELKER & ALLEN
ARDC #: 6216098
301 North Neil Street, Suite 505
P. O. Box 1190
Champaign, IL  61824-1190
Telephone: 217.344.0060
Facsimile: 217.344.9295
E-Mail: kfruehling@heylroyster.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2017, I electronically filed the foregoing DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Aldred D. Ivy, III
Attorney at Law
159 Lincoln Square
300 S. Broadway Ave.
Urbana, IL 61801

I also hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:   None

s/ Keith E. Fruehling
Heyl, Royster, Voelker & Allen

31851935_1